UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-285-H

KENNETH W. SHIELDS                                      PLAINTIFF

V.

NATIONAL AUTOMATIC SPRINKLER
INDUSTRY WELFARE FUND, et al.                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, National Automatic Sprinkler Industry Welfare Fund ("NASI Welfare Fund"), is a self-funded and self-administered, multi-employer employee welfare benefit trust fund operating under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff, Kenneth W. Shields, is a participant in the NASI Welfare Fund. All of Plaintiff's claims are brought under ERISA.

The NASI Welfare Fund plan requires that prior to filing a federal lawsuit participants must exhaust the internal benefit claim review and appeal procedure set forth in the plan. Plaintiff admits that he has not exhausted such a procedure and can give no compelling reason for not doing so. The Sixth Circuit has said that beneficiaries must exhaust their administrative remedies prior to bringing a suit for recovery on an individual claim. *See, e.g., Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 717 (6th Cir. 2005). Plaintiff says that because he is seeking equitable injunctive relief that the exhaustion requirements do not apply to him. However, he cites no cases or logical theory supporting such an argument. This Court believes that the

exhaustion requirement generally applies except in limited unusual circumstances, none of which are present here. *See Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). Consequently, Defendant's motion is well taken.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claims under ERISA are DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc: Counsel of Record