UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-0285-H

**KENNETH W. SHIELDS**                                                                                      **PLAINTIFF**

**V.**

**NATIONAL AUTOMATIC SPRINKLER**                                                         **DEFENDANTS**
**INDUSTRY WELFARE FUND, et al.**

**MEMORANDUM OPINION AND ORDER**

This mater comes before the Court on Defendant National Automatic Sprinkler Industry Welfare Fund's ("NASI Welfare Fund") motion for attorney fees.[1] Defendant contends that it is entitled to recover attorney fees from Plaintiff pursuant to 29 U.S.C. § 1132(g)(1) because it was the prevailing party in this Employee Retirement Income Security Act of 1974 ("ERISA") litigation. Defendant further contends that it is entitled to attorney fees from Plaintiff's attorney, Mr. Kimball, under 28 U.S.C. § 1927 because Mr. Kimball unreasonably and vexatiously multiplied the proceedings, thus increasing the amount of Defendants' attorney bills.

Having considered all of the factors in this case, the Court has determined that Defendants' motion should be denied.

**I.**

Detailed facts of this case and the procedural history of the case can be found in other opinions of the Court.

**II.**

NASI Welfare Fund first contends that it is entitled to attorney fees from Plaintiff under

---

[1] NASI Welfare Fund has also filed a bill of costs for this case. There has been no objection to that request.

29 U.S.C. § 1132(g)(1). That section provides that a Court may, in its discretion, allow a reasonable attorney's fee to either party to an ERISA action. 29 U.S.C. § 1132(g)(1). In exercising its discretion to allow attorney fees, the

> court should consider the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991). Considering these factors, the Court finds that the NASI Welfare Fund is not entitled to attorney fees under 29 U.S.C. § 1132(g)(1).

First, NASI Welfare Fund contends that Plaintiff acted in bad faith because he refused to dismiss the claim after he was informed that it was barred because of his failure to exhaust administrative remedies. The Court does not believe that this is sufficient to show significant bad faith on the part of Plaintiff. Second, NASI Welfare Fund has offered almost no evidence that Plaintiff would be capable of paying the large sum of attorney fees NASI Welfare Fund has requested. The Court believes that Plaintiff will not be able to satisfy any award of attorney fees. Further, the Court finds that forcing Plaintiff to pay attorney fees would not have a significant deterrent effect on future plaintiffs. On the fourth factor, the Court finds that NASI Welfare Fund was not seeking to confer a benefit on participant plans and was not trying to resolve significant ERISA legal questions in this litigation. Finally, the Court recognizes that there was little merit to Plaintiff' claims against NASI Welfare Fund under ERISA. Weighing these factors, the Court finds that, on balance, the factors favor a denial of NASI Welfare Fund's motion for attorney fees under 29 U.S.C. § 1132(g)(1).

### III.

NASI Welfare Fund next contends that it is entitled to attorney fees directly from Mr. Kimball under 28 U.S.C. § 1927. That section provides,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Court has discretion in determining whether to award attorney fees under 28 U.S.C. § 1927. *Jackson Marine Corp. v. Harvey Barge Repair, Inc.*, 794 F.2d 989, 992 (5th Cir. 1986) (stating that a trial court's decision under § 1927 is reviewed for an abuse of discretion). To award attorney fees under § 1927, the Court must find that the attorney's actions were unreasonable and vexatious. Additionally, the Court is permitted to consider the ability of the attorney to pay the award in making its decision. *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989).

While Mr. Kimball likely should not have persisted in this claim, the Court finds that there is insufficient evidence that Mr. Kimball's actions were unreasonable and vexatious. "Punishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) (citation and quotation omitted). Mr. Kimball did not seek to protract the litigation once the motion to dismiss had been filed. On the contrary, Mr. Kimball requested a pause in the proceedings until the motion could be decided. Although Mr. Kimball's legal position on behalf of his client was clearly erroneous, that does not mean that his behaviors were unreasonable and vexatious. Finally, the Court finds that Mr.

Kimball does not have the ability to pay the fees requested by NASI Welfare Fund. Therefore, the Court finds that NASI Welfare Fund's motion for attorney fees under 28 U.S.C. § 1927 should be denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that NASI Welfare Fund's motion for attorney fees is DENIED.

IT IS FURTHER ORDERED that NASI Welfare Fund's bill of costs is APPROVED. NASI Welfare Fund is awarded $227.25.

This is a final order.

cc: Counsel of Record